# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted:  July 9, 2026
Decided:  July 21, 2026

David J. Baldwin, Esquire
Peter C. McGivney, Esquire
BERGER MCDERMOTT LLP
1105 North Market Street, Suite 1100
Wilmington, Delaware 19801

Robert J. Katzenstein, Esquire
Julie M. O'Dell, Esquire
SMITH, KATZENSTEIN & JENKINS LLP
1000 North West Street, Suite 1501
Wilmington, Delaware 19801

Kurt M. Heyman, Esquire
Aaron M. Nelson, Esquire
Denise S. Kraft, Esquire
HEYMAN ENERIO GATTUSO & HIRZEL LLP
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Kristen S. Swift, Esquire
KAUFMAN DOLOWICH LLP
222 Delaware Avenue, Suite 720
Wilmington, Delaware 19801

RE:   *MSG Networks Inc. v. Federal Ins. Co., et al.*
C.A. No. N23C-01-103 PRW CCLD
XL and National Union Prejudgment Interest

Dear Counsel:

This Letter Decision and Order addresses whether XL and National[1] are

---

[1]   For brevity, the Court refers to XL Specialty Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. as XL and National, respectively.

entitled to prejudgment interest on their $10 million advances to MSGN and, if so, from what date prejudgment interest should accruee (D.I. 269 and 270). For the reasons explained now, those Insurers are entitled to prejudgment interest accruing from the dates of their respective payments to MSGN.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

This dispute began in 2023 when MSGN settled a derivative suit after merging with MSGE—now Sphere Entertainment.[3] Before the Settlement, XL and National each agreed to advance $10 million toward the Settlement, subject to a right of recoupment under separate Recoupment Agreements with MSGN.[4] Under each Agreement, MSGN agreed that XL and National reserved the right to seek reimbursement of their advances and to seek prejudgment interest.[5] MSGN also agreed to repay them "in the event of a determination that the Policy does not provide coverage for the Settlement of the Stockholder Litigation."[6]

After signing the Recoupment Agreements, but before paying, XL and

---

[2]   Mindful that the parties have a complete understanding of and familiarity with the factual background and applicable agreements, the Court dispenses with a fuller recounting thereof here.

[3]   *See generally* Memorandum Opinion and Order (D.I. 266); *MSG Networks, Inc. v. Federal Ins. Co.*, 2026 WL 1822345 (Del. Super. Ct. June 11, 2026) ("*MSG I*").

[4]   *MSG I*, 2026 WL 1822345, at *3, 12 n.142.

[5]   Insurers' Letter Exs. 1 and 2 [hereinafter "Recoupment Agreements"] § 7 (D.I. 269).

[6]   *Id.*

National filed counterclaims in this action, seeking to recoup the advances plus prejudgment interest.[7] Then, National advanced $10 million on August 29, 2023.[8] And XL advanced $10 million on September 25, 2023.[9]

In this action, upon cross-motions for summary judgment, the Court ruled that, due to the operative Policy's Bump-Up Clause, MSGN's Insurers did not have to provide coverage for the Settlement.[10] The Court also held that XL and National were entitled to recoup their $10 million advances.[11] The Court directed the Parties to confer and provide a form of implementing final order.[12] But the Parties disagreed on the issue of XL's and National's pre-judgment interest.[13] So the Parties stipulated to file letter memoranda in support of their positions.[14]

## II. PARTIES' CONTENTIONS

XL and National argue that they are entitled to prejudgment interest accruing

---

[7] D.I. 64; D.I. 76.

[8] Aff. of Kurt M. Heyman ¶ 2 (D.I. 269).

[9] Aff. of Marc Desteno ¶ 2 (D.I. 269).

[10] *Id*. at *14.

[11] *Id*. at *12.

[12] *Id*.

[13] D.I. 268.

[14] *Id*.

from the dates they advanced, since those are the dates payment was due.[15] In support of this contention, XL and National primarily rely on *Citadel Holding Corp. v. Roven*.[16] Alternatively, XL and National assert that MSGN waived any opposition to prejudgment interest because the Insurers requested prejudgment interest calculated from the date of payment in their Opening Brief in Support of Their Motion for Summary Judgment, and MSGN didn't mention this issue in its Opposition.[17]

MSGN counters that the recoupment agreements don't entitle XL or National to prejudgment interest because, during the drafting process, MSGN removed the express language requiring such from the Agreements before signing.[18] And in any event, the Agreements do not otherwise permit prejudgment interest to accrue from the payment dates.[19] MSGN alternatively avers that prejudgment interest runs, at most, from the date of the Court's decision.[20]

---

[15] Insurers' Letter at 4 (D.I. 269).

[16] 603 A.2d 818 (Del. 1992).

[17] Insurers' Letter at 5.

[18] MSGN's Letter at 4–7 (D.I. 270).

[19] *Id.*

[20] *Id.* at 7–8.

## III. APPLICABLE LEGAL STANDARDS

"In Delaware, prejudgment interest is awarded as a matter of right."[21]  "It is not a matter of judicial discretion."[22]  "'Where the underlying obligation to make payment arises *ex contractu*, [the Court looks] to the contract to determine when interest should begin to accrue.'"[23]  And, generally, "interest accumulates from the date payment was due to a party."[24]

## IV. ANALYSIS

### A. MSGN DIDN'T WAIVE ITS ARGUMENT AGAINST XL AND NATIONAL.

Deeming whether a party has waived an argument is always a discretionary call by the Court.[25]  And waiver is fundamentally a fairness issue concerned with notice to an opposing party and the opposing party's opportunity to respond.[26] True, XL and National sought prejudgment interest from their payment dates in their

---

[21]  *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992).

[22]  *Fortis Advisors, LLC v. Dematic Corp.*, 2023 WL 2967781, at *1 (Del. Super. Ct. Apr. 13, 2023) (citing *Moskowitz v. Mayor and City Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978)).

[23]  *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 508 (Del. 2001) (quoting *Citadel*, 603 A.2d at 826).

[24]  *Wilmington Tr., Nat'l Ass'n v. Sun Life Assurance Co. of Canada*, 294 A.3d 1062, 1078 (Del. 2023), *as revised* (Mar. 21, 2023); *see also Metro. Mut. Fire Ins. Co. v. Carmen Holding Co.*, 220 A.2d 778, 782 (Del. 1966).

[25]  *Jung v. El Tinieblo Int'l, Inc.*, 2022 WL 16557663, at *9 (Del. Ch. Oct. 31, 2022).

[26]  *Id.* (collecting cases).

summary judgment papers.[27]  But they did so under the assertion that the Bump-Up Clause barred coverage.[28]  And MSGN responded that the Bump-Up Clause didn't bar coverage.[29]  XL and National didn't rely on their now-key precedent in their summary judgment papers to argue that they were entitled to prejudgment interest accumulating from initial payment.  Nor did XL and National identify any prejudice or unfairness in their letter.[30]  Accordingly, the Court finds that MSGN didn't waive its present argument on prejudgment interest.

### B. INTEREST BEGINS TO ACCRUE FROM THE PAYMENT DATES.

Under the Recoupment Agreements, MSGN agreed "to repay to [XL and National] the Payment in the event of a determination that the Policy does not provide coverage for the settlement of the Stockholder Litigation."[31]  The Recoupment Agreements define "Payment" as the $10,000,000 advancement.[32] And XL and National reserved their right to seek prejudgment interest in the Recoupment

---

[27]  *See* Insurers' MSJ Op. Br. at 36 ("Because the Bump-Up Clause bars coverage for the Settlement, XL Specialty and National Union seek judgment in their favor that MSGN is obligated to repay them for the amounts advanced by each toward the Settlement, plus pre-judgment interest calculated from the dates of the payments.") (D.I. 217).

[28]  *Id.*

[29]  *See generally* MSGN's MSJ Op. Br. (D.I. 219).

[30]  *See generally* Insurers' Letter.

[31]  Recoupment Agreements § 7.

[32]  *Id.* § 5.

Agreements.[33]

*Citadel* is both instructive and on point here. There, Citadel agreed to advance costs to its director, Mr. Roven, upon: (1) a demand from Mr. Roven for an advancement; and (2) a promise in writing from Mr. Roven that he would repay the advance if it was ultimately determined that Citadel advanced too much.[34] The Court held that Mr. Roven was entitled to prejudgment interest accruing from the date of demand and written promise to repay, and Citadel was entitled to the same benefit if a court determined that Citadel overpaid Mr. Roven:

> Under this contractual scenario, Roven is entitled to interest computed from the date of demand. However, we note that Citadel is entitled to the same benefit as a matter of right on any recoupment from Roven. Furthermore, we believe Citadel would be entitled to the same payment due date for purposes of calculating prejudgment interest due it should it be "ultimately determined" Roven must repay some or all of the advances.[35]

These Recoupment Agreements work the same way. XL and National agreed to advance $10 million to MSGN. And MSGN agreed to repay the amount if the Court determined that the Policy doesn't cover the Settlement. In the same manner as the indemnification agreement in *Citadel*, the amount overpaid begins accruing interest

---

[33] *Id.* § 7.

[34] *Citadel*, 603 A.2d at 820.

[35] *Id.* at 826.

for the insurers once in the insured's hands—not after a legal determination that there was an overpayment. Here, the entire advancements were overpaid because there was no Settlement coverage. There are simply no distinguishable salient facts here that would warrant a departure from *Citadel*. Resultingly, XL and National are entitled to prejudgment interest accruing from their respective payment dates.

## I.  CONCLUSION

For these reasons, interest begins accruing from the payment dates at the legal rate.[36]  Therefore, the Court enters judgment in the form of the Insurers' Proposed Order for Entry of Final Judgment (D.I. 269).

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*

_____
Paul R. Wallace, Judge

cc:  All Counsel via File and Serve

---

[36]  Since there is no specific interest rate within the Recoupment Agreements, the rate is based on the legal rate of interest described in 6 *Del. C.* § 2301.  *See Reybold Constr. Co. v. Lennar Corp.*, 2025 WL 2346985, at *13 (Del. Super. Ct. Aug. 13, 2025), *aff'd*, 2026 WL 1083735 (Del. Apr. 22, 2026), *as corrected* (May 18, 2026).